# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTOINETTE TORRES, | Civil No. 15-4416 (JRT/TNL) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| v. | |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security*, | |
| Defendant. | |

David F. Chermol, **CHERMOL & FISHMAN, LLC**, 11450 Bustleton Avenue, Philadelphia, PA  19116, and Edward C. Olson, **DISABILITY ATTORNEYS OF MINNESOTA**, 331 Second Avenue South, Suite 420, Minneapolis, MN  55401, for plaintiff.

Gregory G. Brooker, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for defendant.

Defendant, the Acting Commissioner of Social Security (the "Commissioner"),[1] denied Plaintiff Antoinette Torres' application for disability insurance benefits and supplemental social security income under the Social Security Act ("SSA").  Torres exhausted the administrative appeals process within the Social Security Administration ("the Agency") and the case is now before the Court on cross motions for summary judgment.  In a Report and Recommendation ("R&R") filed on January 24, 2017, United States Magistrate Judge Tony N. Leung recommended denying Torres' motion and

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted for Carolyn W. Colvin as Defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

granting the Commissioner's motion. Torres objected to the R&R, arguing that the Administrative Law Judge's ("ALJ") findings and reliance on a vocational expert's ("VE") testimony were inconsistent with the conclusion that Torres could perform light work. Because the Court finds Torres' limitation to stand or walk for two hours is consistent with the controlling regulatory definition of light work, the Court will overrule Torres' objections and adopt the R&R.

## BACKGROUND[2]

Torres filed an application for disability insurance benefits in August 2012, (Administrative R. ("Admin. R.") at 191-95, Mar. 21, 2016, Docket No. 14),[3] and an application for supplemental social security income in September 2012, (*id*. at 196-202). In both applications, Torres asserted a disability onset date of July 19, 2012. (*id*. at 191, 196.) Torres stated she suffered from the following impairments: lupus, connective tissue disease, high blood pressure, autoimmune hepatitis, and arthritis. (*Id*. at 238.) The SSA denied Torres' application on November 27, 2012, (*id*. at 79, 90, 118), and affirmed upon reconsideration, (*id.* at 103, 115, 129). Torres requested a hearing before an ALJ (*id.* at 135-36), and, on March 26, 2014, the ALJ denied Torres' claim for benefits, (*id.* at 23-40).

---

[2] The facts of this case were extensively summarized in the R&R. (*See* R&R at 1-20, Jan. 24, 2017, Docket No. 24). The Court will summarize only those facts necessary to understand Torres' objections to the R&R.

[3] This Order cites to the Admin. R.'s internal pagination rather than the CM/ECF pagination.

The ALJ found Torres is not disabled because Torres "has the residual functional capacity ["RFC"] to perform less than the full range of light work," in that she is:

> **[L]imited to lifting 20 pounds occasionally and 10 pounds frequently. <u>[Torres] is limited to standing and/or walking up to 2 hours out of an 8-hour day and sitting for 6 hours out of an 8-hour day.</u> [Torres] . . . require[s] the ability to alternate between sitting for 30 minutes and then standing for 5 minutes before resuming a seated position. [Torres] should never climb ladders, ropes or scaffolds. [Torres] can never climb stairs or use the left lower extremity to operate foot controls. [Torres] can occasionally climb ramps and occasionally balance, stoop or crouch. [Torres] can never kneel, crawl or reach overhead. [Torres] can frequently handle and finger. [Torres] should avoid working in an environment where she is exposed to temperature extremes or direct sunlight.**

(*Id.* at 29 (emphasis added).)[4] The ALJ, relying on testimony from the VE, determined "jobs exist in the national and regional economy for an individual with [Torres'] age, education, work experience, and [RFC]." (*Id*. at 34.) Specifically, the VE testified that light work jobs – such as "Small Parts Assembler" and "Hand Packager" – existed for such an individual. (*Id*.) The ALJ found the VE's testimony consistent with the Dictionary of Occupational Titles and, therefore, found Torres was not disabled under the SSA. (*Id*. at 34-35.)

The Appeals Council subsequently denied Torres' request for review (*id.* at 6-11), and on December 17, 2105, Torres filed a Complaint seeking the Court's appellate review. Torres and the Commissioner, thereafter, filed cross motions for summary judgment, and the Court referred the matter to the Magistrate Judge. The Magistrate Judge found substantial evidence in the record supported the ALJ's conclusion that

---

[4] As the original text appears in bold, the Court notes its emphasis by underlining the pertinent language.

Torres is not disabled within the meaning of the SSA, and, therefore, recommended granting the Commissioner's motion and denying Torres' motion. (R&R at 31-32, Jan. 24, 2017, Docket No. 24.)

Torres timely filed objections to the R&R, asserting the ALJ made two errors: (1) finding that Torres could walk or stand for two hours in a workday in contradiction of the ALJ's determination that Torres can perform light work; and (2) relying on the VE's conclusion that Torres could perform certain occupations with the reduced range of light work, because the VE's testimony allegedly conflicts with the controlling regulatory definition of light work.

## ANALYSIS

### I.   SUMMARY JUDGMENT STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (quoting *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)). On a dispositive motion, the Court reviews "properly objected to" portions of an R&R *de novo*. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Because Torres' and the Commissioner's motions for summary judgment are dispositive motions, the Court will review Torres' objections *de novo*.

## II.   TORRES' OBJECTIONS

Pursuant to Torres' first objection, the Court must determine whether the ALJ's findings that Torres could walk or stand for two hours in a workday is consistent with Agency policy regarding light work.  Torres relies upon Social Security Ruling ("SSR") 83-10 for the proposition that light work minimally requires more than two hours of standing or walking.  *See* 1983 WL 31251, at *5-6 (1983).  Torres asserts, therefore, that under SSR 83-10 a two-hour standing or walking limitation qualifies her to perform only sedentary, rather than light, work.  Torres maintains if the ALJ determined she could only perform sedentary, rather than light, work she would then be rendered disabled.

> SSA regulations define "sedentary work" as
>
> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. . . . [A] certain amount of walking and standing is often necessary in carrying out [sedentary] job duties. Jobs are sedentary if walking and standing are required occasionally.

20 C.F.R. § 404.1567(a); *see also* SSR 83-10, 1983 WL 31251, at *5 (defining sedentary work and explaining that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday").

> In contrast, SSA regulations define "light work" as
>
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing **a full or wide range of light work**, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (emphasis added); *see also* SSR 83-10, 1983 WL 31251, at *5-6 ("[T]he **full range of light work** requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." (emphasis added)); SSR 83-14, 1983 WL 31254, at *4 (1983) (stating full range of light work implies worker may stoop "for no more than one-third of the workday"). The "good deal of walking or standing" in light jobs is "the primary difference between sedentary and **most** light jobs." SSR 83-10, 1983 WL 31251, at *5 (emphasis added); *see also* SSR 83-14, 1983 WL 31254, at *4 (describing same).

There is, however, a "difference between the full range of light work and a reduced range of light work." *Hensley v. Colvin*, No. 13-27810, 2015 WL 566626, at *18 (S.D.W. Va. Feb. 10, 2015). Here, the ALJ found Torres "**has the residual functional capacity to perform <u>less than a full range of light work</u>**." (Admin R. at 29 (emphasis added).) Contrary to Torres' assertion, there is nothing in SSR 83-10 or any other proffered authority that sets out a minimum walking or standing requirement to qualify for light work. SSR 83-10 specifically discusses the **maximum** standing and walking requirement per each exertional level of work. SSR 83-10, 1983 WL 31251, at *5. It sets forth that the full range of sedentary work requires standing or walking for no more than two hours, while the full range of light work requires no more than six hours of walking or standing during a workday. *Id*.

In fact, numerous courts have found that a two hour standing or walking limitation is consistent with the definition of a reduced range of light work. *See Fenton v. Apfel*, 149 F.3d 907, 911 (8th Cir. 1998) (holding there was "adequate evidentiary support in the

record to support" the district court's affirmation of the ALJ's finding that claimant could perform light work despite claimant's "two-hour limit on standing and walking [which] reduced [claimant's] ability to do a full range of light work"); *Logerman v. Colvin*, No. 13-20, 2014 WL 4840583, at *1, 13 (E.D. Mo. Sept. 29, 2014) (affirming ALJ's determination that claimant had the RFC to perform light work as defined in the regulations where claimant was "limited to walking no more than two hours out of an eight-hour workday").[5]  Thus, the Court finds the ALJ's determination that Torres is limited to stand or walk for two hours is consistent with controlling regulatory definition of light work.

Pursuant to Torres' remaining objection, the Court must determine whether the ALJ improperly relied on the VE's testimony "that conflicts with Agency policy and definitions." (Pl. Objs. at 1.)  As the Court already found that a two-hour limitation to stand or walk is consistent with the regulatory definition of light work, the Court also finds that the VE's testimony that Torres could perform certain occupations within the reduced range of light work is consistent with the definition of light work.  *See Logerman*, 2014 WL 4840583, at *4, 13 (upholding ALJ's determination which relied

---

[5] *See also Hooten v. Colvin*, No. 12-57, 2014 WL 752471, at *4, 12 (E.D. Mo. Feb. 25, 2015) (upholding ALJ's assessment that "[p]laintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that he was limited to standing and walking two hours in an 8-hour workday"); *Kirk v. Astrue*, No. 09-5068, 2010 WL 2953097, at *3, 6 (W.D. Mo. July 26, 2010) (affirming ALJ's determination that claimant "retained the RFC to perform light work involving six hours of sitting and two hours of standing/walking in an eight-hour workday"); *Hensley*, 2015 WL 566626, at *18 (S.D.W. Va. Feb. 10, 2015) (collecting cases recognizing that two-hour standing and walking limitation did not preclude finding that claimant could perform reduced range of light work).

upon the VE's testimony that claimant limited to standing or walking for two hours could perform specific light work occupations).[6]

The Court will, therefore, overrule Torres' objections, adopt the R&R, deny Torres' motion for summary judgment, and grant the Commissioner's motion for summary judgment.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Torres' objections [Docket No. 26] and **ADOPTS** the Report of and Recommendation of the Magistrate Judge dated January 24, 2017 [Docket No. 24]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment [Docket No. 20] is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment [Docket No. 16] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 30, 2017  
at Minneapolis, Minnesota.

\_\_\_\_s/ John R. Tunheim\_\_\_\_\_  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court

---

[6] *See also Hooten*, 2014 WL 752471, at *4; *Kirk*, 2010 WL 2953097, at *5.