# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTOINETTE TORRES, | Civil No. 15-4416 (JRT/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security*, | |
| Defendant. | |

David F. Chermol, **CHERMOL & FISHMAN LLC**, 11450 Bustleton Avenue, Philadelphia, PA 19116, and Edward C. Olson, **DISABILITY ATTORNEYS OF MINNESOTA**, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401, for plaintiff.

Pamela Marentette, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

On March 30, 2017, the Court issued a memorandum opinion and order ("Order") adopting United States Magistrate Judge Tony N. Leung's Report and Recommendation ("R&R"), granting summary judgment for Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security,[1] and denying Plaintiff Antoinette Torres's motion for summary judgment. *Torres v. Berryhill*, No. 15-4416, 2017 WL 1194198 (D. Minn. Mar. 30, 2017). In reaching that decision, the Court considered Torres's argument that the Administrative Law Judge who denied her social security benefits claim erred in finding

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted for Carolyn W. Colvin as Defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

that Torres could work or stand for two hours in a workday and could perform a reduced range of light work. *Id.* at *2-3. The Court found that Torres's reliance on a certain Social Security Ruling ("SSR"), SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983), was misplaced because that SSR did not set out a minimum standing or walking requirement for a reduced range of light work. *Id.* at *3. The Court also noted numerous other courts had found that a two-hour standing or walking limitation is consistent with the definition of a reduced range of light work. *Id.*

On April 27, 2017, Torres filed a motion to alter or amend the Order under Fed. R. Civ. P. 59(e). (Pl.'s Mot. & Brief at 2, April 27, 2017, Docket No. 30.)

## DISCUSSION

"Rule 59(e) motions 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.'" *In re Levaquin Prods. Liab. Litig.*, No. 08-5742, 2012 WL 4481223, at *3 (D. Minn. Sept. 28, 2012) (quoting *Wells Fargo Bank, N.A. v. WMR e-Pin, LLC*, 653 F.3d 702, 714 (8th Cir. 2011)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)).

Torres's Rule 59(e) motion argues again that SSR 83-10 sets a minimum requirement of 2.6 hours of standing and walking in order to perform light work. As discussed above, it is improper to re-litigate an issue under a Rule 59(e) motion; Torres's argument about SSR 83-10 is improper for a Rule 59(e) motion because she made the same argument prior to the entry of summary judgment. (*See* Pl.'s Objs. to R&R at 2,

Feb. 3, 2017, Docket No. 26.) Torres also contends that a case to which the Order cites, *Fenton v. Apfel*, 149 F.3d 907, 911 (8th Cir. 1998) (holding a two-hour standing and walking limitation is consistent with performance of light work), is distinguishable. *See Torres*, 2017 WL 1194198, at *3. However, the R&R also discussed *Fenton*, (*see* R&R at 27-28, 30), and Torres's objections to the R&R did not raise the argument she now seeks to make, (*see* Pl.'s Objs. to R&R). As previously noted, it is improper to raise arguments in a Rule 59(e) motion that could have been offered prior to the entry of judgment. Therefore, as Torres's Rule 59(e) motion raises only improper arguments, the Court will deny the motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) [Docket No. 30] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 15, 2017          _____s/John R. Tunheim_____
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
         Chief Judge
         United States District Court